UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sarah Stuart, et al.

   v.                         Case No. 16-cv-332-PB

Laconia Housing Authority, et al.

### REPORT AND RECOMMENDATION

The pro se plaintiffs, Sarah Stuart and Cody Stuart, bring this action against the defendants, Laconia Housing Authority and Kelly McAdam, alleging violations of federal law.  This matter is before the court for preliminary review to determine whether the complaint asserts any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(2).

### Discussion

On November 15, 2016, the court issued an order finding that the plaintiffs had not alleged sufficient facts in their complaint to support a claim for relief, but nonetheless granting the plaintiffs thirty days to amend their complaint to remedy this deficiency.  On that same day, the Clerk's office mailed copies of the order to both plaintiffs at the address they had provided to the court.  (Doc. nos. 6, 7.)  On December 8, 2016, the copy mailed to Cody Stuart was returned to the court with a notice indicating that Cody Stuart had moved and

had left no forwarding address.  (Doc. no. 6-1.)  The copy sent to Sarah Stuart was returned with an identical notice the following day.  (Doc. no. 7-1.)

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b) . . . ." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). These reasons include, among others, the failure to comply with any order of the court, id., and the failure to diligently prosecute a case, Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (citation omitted).

The court, mindful of "the strong presumption in favor of deciding cases on the merits," Garcia-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010), considers the totality of the circumstances in determining whether dismissal is appropriate. See Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004).  In particular, the court considers whether: 1) plaintiffs prosecuted their claims diligently prior to their apparent abandonment of the lawsuit; 2) the court fairly warned plaintiff of its inclination to dismiss absent diligent prosecution; and 3) the ramifications of the plaintiffs' failure to prosecute "constituted misconduct sufficiently extreme to justify dismissal with prejudice." Id.

2

internal quotation marks and citations omitted).

Here, the plaintiffs have not taken any action since September 7, 2016, did not provide an alternate address in any of their pleadings or filings, and failed to provide the court with an updated address when they moved.  This court's local rules clearly advise litigants that they must keep the court apprised of their current address.  See LR 83.6(e).  Further, the local rules state that "pro se parties who fail to provide the clerk's office with their current address . . . are not entitled to notice." Id.  And, as noted, the court indicated to the plaintiffs in the November 15, 2016 order that the plaintiffs had not stated a claim and required that they submit an amended complaint within thirty days.  In light of these circumstances, the court finds it appropriate to recommend that the district judge dismiss this action for failure to prosecute.

The court declines, however, to recommend that this matter be dismissed with prejudice.  Simply put, the plaintiffs' actions here do not rise to the level where such a sanction is countenanced in our precedent.  See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (noting the factors a court should consider when determining whether dismissal with prejudice for failure to prosecute is appropriate).

3

## Conclusion

In sum, the court recommends that the district judge dismiss this action without prejudice for failure to prosecute. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 27, 2017

cc:   Sarah Stuart, pro se
      Cody Stuart, pro se